```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                             AT LOUISVILLE
                    CIVIL ACTION NO. 3:13CV-P1080-H
```

**JOSEPH CLARK**                                                      **PLAINTIFF**

**v.**

**JOHN HOLLOWAY** *et al.*                                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Joseph Clark initiated this *pro se* action by filing a letter with the Court stating that he wanted to file a motion for declaration of rights against "Internal Affairs" at Roederer Correctional Complex and Kentucky State Reformatory. After being ordered to file his complaint on the Court-approved 42 U.S.C. § 1983 form, Plaintiff filed an amended complaint (DN 9) naming as Defendants two internal affairs officers at the Roederer Correctional Complex, four officials or employees at Eastern Kentucky Correctional Complex, and another individual employed in Frankfort. On the same date, Plaintiff filed a motion to "aid unite Director Sparks and Hold Sparks Responsible If Clark Gets Hurt" (DN 6), but he did not list Sparks as a Defendant in the amended complaint. Subsequently, Plaintiff filed two more motions to amend the complaint (DNs 12 and 15) seeking to add claims against additional individuals. He also filed several other motions in which he stated new factual allegations not alleged in the amended complaint or in the motions to amend.

Because it was unclear exactly what claims and Defendants Plaintiff sought to include in this action, on March 21, 2014, the Court entered an Order directing Plaintiff to file a second amended complaint within 30 days and to include all claims he sought to assert against all Defendants. The Order stated, "**Plaintiff is WARNED that failure to file the second amended complaint and to tender summons forms for all Defendants within the time allotted will result in dismissal of the action**."

More than 30 days have passed, and Plaintiff has failed to comply the Court's Order or to take any other action in this case. A review of the docket sheet reveals that Plaintiff has not taken any action in this case since January 24, 2014. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:


cc:  Plaintiff, *pro se*
4412.010